■   In the Matter of CARLO TORRES, Petitioner, v. ERIC A. ANDREWS, as Commissioner of Public Works of the City of White Plains, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination, dated July 3, 1968, which dismissed petitioner from his employment with the Department of Public Works of the City of White Plains, after a hearing, upon findings made by respondent that petitioner was guilty of three charges of misconduct during his employment, namely: (Charge I) that he had engaged in unlawful gambling during his hours of employment; (Charge II) that on stated occasions he had used property of his employer for his personal use, without his employer's consent; and (Charge III) that he had committed perjury. Determination modified, on the law, by annulling the finding of guilty on Charge III and the dismissal of petitioner from his employment, and confirmed as to the findings of guilty on Charges I and II, without costs; and matter remitted to respondent solely for redetermination of the penalty to be imposed upon petitioner on Charges I and II. In our opinion, the misconduct referred to in Charge III was not established by competent evidence. The record discloses that the reporter's transcript of the minutes of the trial in the City Court of the City of White Plains which resulted in petitioner's conviction for violation of sections 974 and 975 of the former Penal Law (transferring of money in a policy game and possession of policy slips), when offered in evidence at the hearing under review, was offered to establish that petitioner had committed the unlawful gambling set forth in Charge I and not to establish the perjury set forth in Charge III. We are of the opinion that that transcript is not sufficient, as a matter of law, to support respondent's finding that petitioner had committed perjury. In our view, in a trial for perjury, the record of the case in which it is alleged that the perjury was committed is admissible in evidence for the purpose of showing the jurisdiction of the court, the regularity of the proceedings and the materiality of the alleged perjured testimony. But such record in itself is insufficient for the trier of the facts to base a determination that the crime of perjury was committed (see 87 A. L. R. 1267). Since respondent determined that petitioner should be dismissed from his employment because he was guilty of three charges, and we have confirmed his determination of guilty only as to Charges I and II and have annulled his determination of guilty as to Charge III, this matter should be remitted to respondent for imposition of such disciplinary action as respondent, in his discretion, might deem appropriate by reason of the misconduct described in Charges I and II (cf. *Matter of Del Bello*, 19 N Y 2d 466, 469). Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.