■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GARY MILLS, Appellant.— Judgment of conviction, Supreme Court, Bronx County, rendered January 18, 1972, unanimously affirmed. It should be noted, however, that the language of the Court of Appeals as set forth in *People* v. *Fitzgerald* (156 N. Y. 253, 266), has essential validity and should be followed: "In the trial of a criminal case it can never be necessary to add anything to the plain and simple language of the statute on this subject. The fact that the accused does not testify in his own behalf cannot be permitted to create any presumption against him. That is the plain mandate of the law, and the force of the proposition should not be weakened and destroyed with the jury by qualifying words." Concur — Markewich, J. P., Kupferman, Lane and Capozzoli, JJ.

■ In the Matter of RONALD GLOVER, Petitioner, v. PATRICK V. MURPHY, as Police Commissioner of the City of New York, et al., Respondents.— Determination of the Police Commissioner dated February 28, 1972, finding petitioner guilty of specifications numbered 1, 2, 3 and 5, and not guilty of specification numbered 4, and terminating his employment is unanimously modified, on the law, by annulling the finding of guilty of specifications 1 and 2 and the dismissal of petitioner and remanding the matter to respondent Police Commissioner solely for reconsideration of the penalty to be imposed upon petitioner upon charges 3 and 5, and as so modified the determination is confirmed, without costs and without disbursements. The finding that petitioner failed and neglected to safeguard his service revolver and shield was not supported by substantial evidence. The revolver and shield were stolen from petitioner while he was asleep in a motel room. It was not shown, however, that the petitioner acted irresponsibly or carelessly with respect to the items of police property entrusted to him, or that he at any time allowed the property out of his immediate control. To the contrary, petitioner kept the property with him in the motel room. In the final analysis, all that was shown was that petitioner was the victim of a burglary. Unfortunately, a police officer is no more immune from the actions of a burglar than anyone else. Since respondent determined that petitioner should be dismissed from his employment because he was guilty of four charges and we have confirmed his determination of guilty only as to Charges 3 and 5, and have annulled his determination of guilty as to Charges 1 and 2, this matter should be remitted to respondent for imposition of such disciplinary action as respondent, in his discretion, might deem appropriate by reason of the misconduct described in Charges 3 and 5. (See *Matter of Torres* v. *Andrews*, 33 A D 2d 696.) Concur — Markewich, J. P., Nunez, Lane and Tilzer, JJ.