■ In the Matter of Thomas Williams, Petitioner, v Michael J. Codd, as Police Commissioner of the City of New York, Respondent.—Determination of the Police Commissioner dated October 8, 1973 finding petitioner, a police officer of the City of New York, guilty of Specifications Nos. 3 and 4 and not guilty of Specifications Nos. 1, 2 and 5 and imposing sanctions of forfeiture of 15 days vacation and 15 days pay, unanimously modified, on the law, by annulling the finding of guilty of Specification 3 and the sanction imposed thereunder and remanding the matter to respondent Police Commissioner solely for reconsideration of the penalty to be imposed upon petitioner upon Specification 4 and, as so modified, the determination is confirmed, without costs or disbursements. The finding that petitioner did wrongfully and without just cause push and strike one Juan Pagon was not supported by substantial evidence. Petitioner, in civilian clothes and off duty, was driving an automobile which collided with another automobile driven by Pagon. An argument ensued and the only evidence submitted in support of Specification 3 is that petitioner and Pagon were seen fighting and striking each other. Pagon did not testify; two passengers in his car did, but there is no evidence as to who struck the first blow. Actually, petitioner seems to have come out second best, for he sustained injuries in his encounter with Pagon requiring sutures and medical attention while Pagon seems to have been uninjured. Since the respondent's predecessor imposed the above-mentioned sanctions because petitioner was found guilty of two charges and we have annulled his determination as to one of them, this matter should be remanded to respondent for imposition of such disciplinary action as respondent, in his discretion, might deem appropriate. (See *Matter of Glover v Murphy,* 41 AD2d 915 and *Matter of Torres v Andrews,* 33 AD2d 696.) Concur—Markewich, J. P., Murphy, Lupiano, Lane and Nunez, JJ.